**POOLE SHAFFERY & KOEGLE, LLP**
John H. Shaffery (SBN 160119)
jshaffery@pooleshaffery.com
25350 Magic Mountain Parkway, Suite 250
Santa Clarita, California 91355
Telephone: (661) 290-2991
Facsimile: (661) 290-3338

Attorneys for Defendants,
KEEWATIN TRUCK SERVICE, AGRI-FRESH INC., and MICHAEL TUSTIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MARTIN ANGUIANO-VARGAS,<br><br>Plaintiff,<br><br>vs.<br><br>KEEWATIN TRUCK SERVICE, a corporation; AGRI-FRESH INC., a corporation; MICHAEL TUSTIN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:22-cv-02259<br><br>[Assigned to _____]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Superior Court for the State of California County of Monterey Case No. 21CV002800)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Certificate of Interested Parties; and Civil Cover Sheet filed concurrently herewith] |

**TO THE CLERK AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Defendants, KEEWATIN TRUCK SERVICE and AGRI-FRESH INC., (collectively, "DEFENDANTS"), hereby remove the action entitled, *Andres Martin Anguiano-Vargas v. Keewatin Truck Service, et al.,* from the Superior Court of the State of California County of Monterey (Case No. 21CV002800) to the United States District Court for the Northern District of California, San Jose Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

1.    **JURISDICTION**. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by DEFENDANTS pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different sovereign nations and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.    On September 1, 2021, Plaintiff, ANDRES MARTIN ANGUIANO-VARGAS ("PLAINTIFF"), filed the above-entitled civil action against Defendants, KEEWATIN TRUCK SERVICE, AGRI-FRESH INC., MICHAEL TUSTIN, and DOES 1 through 50, inclusive, in the Superior Court of the State of California County of Monterey (Case No. 21CV002800). The United States District Court for the Northern District of California, San Jose Division, embraces the county where this action is pending.

3.    The summons and complaint were served on Defendant, KEEWATIN TRUCK SERVICE ("KEEWATIN"), on or about February 22, 2022. The same summons and complaint were served on Defendant, AGRI-FRESH INC. ("AGRI-FRESH"), on or about January 27, 2022. The summons and complaint have yet to be served on Defendant, MICHAEL TUSTIN ("TUSTIN"), who therefore is not yet a part of this action and thus does not join in this Removal. Copies of the pleadings and orders served on DEFENDANTS are collectively attached hereto as **Exhibit "A."**

4.    The complaint served on DEFENDANTS does not identify an amount in controversy, nor was an amount in controversy ascertainable from the same.

5.    On February 28, 2022, AGRI-FRESH served and filed its Answer to the complaint. A true and correct copy of the Answer is attached hereto as **Exhibit "B."**

6.    On March 2, 2022, AGRI-FRESH served a Request for a Statement of Damages to PLAINTIFF setting forth the nature and amount of damages being sought against DEFENDANTS. A true and correct a copy is attached hereto as **Exhibit "C."**

7.    On April 7, 2022, PLAINTIFF served AGRI-FRESH with his Statement of Damages. A true and correct copy of the Statements of Damages are attached hereto as **Exhibit "D."**

2

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

8.     **REMOVAL IS TIMELY**. This Notice of Removal is filed timely as it is within thirty days of DEFENDANTS' receipt of PLAINTIFF'S statement of damages, disclosing to DEFENDANTS the amount in controversy alleged by PLAINTIFF. DEFENDANTS now possess the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

9.     **DIVERSITY OF CITIZENSHIP**. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

11.     Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc*., No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

11.     Here, PLAINTIFF has been, and remains currently, a resident of the City of Salinas, County of Monterey, State of California, since at least 2019. His residency within the State of California shows a clear intention to remain within the State of California. Accordingly, for purposes of diversity jurisdiction, PLAINTIFF is a citizen of the State of California. Furthermore, PLAINTIFF filed the instant Complaint in the Superior Court of the State of California County of Monterey, further availing himself of California's judicial resources and indicating his intent to remain in California. *See* Complaint, *in passim*.

12.     Citizenship of Defendant, KEEWATIN TRUCK SERVICE. A corporation "shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where

3

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

it has its principal place of business." 28 U.S.C. §§ 1332(c)(1). Therefore, "a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business." *E.g., Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994); *Montrose Chemical Corp. v. American Motorists Ins. Co.* 117 F.3d 1128, 1134 (9th Cir. 1997); *Colmenares v. Paedae, Inc.* CV 21-5221-DMG, 2021 WL 4934976, at *2 (C.D. Cal. Oct. 22, 2021).

13. A corporation's principal place of business "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities…often metaphorically called that corporation's 'nerve center.'" *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010).

14. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

15. Here, Defendant KEEWATIN has always been, and remains currently, a citizen of Canada. With respect to the state of incorporation, Defendant KEEWATIN was/is incorporated in Canada in or around 1987. Furthermore, since in or around 1987, its principal place of business has been located in Canada at the corporate headquarters located in Winnipeg, Manitoba. Accordingly, for purposes of determining diversity, Defendant KEEWATIN is regarded as a citizen of Canada.

16. <u>Citizenship of Defendant, AGRI-FRESH INC.</u> A corporation "shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. §§ 1332(c)(1). Therefore, "a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business." *E.g., Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994); *Montrose Chemical Corp. v. American Motorists Ins. Co.* 117 F.3d 1128, 1134 (9th Cir. 1997); *Colmenares v. Paedae, Inc.* CV 21-5221-DMG, 2021 WL 4934976, at *2 (C.D. Cal. Oct. 22, 2021).

17. A corporation's principal place of business "refers to the place where the

corporation's high-level officers direct, control, and coordinate the corporation's activities…often metaphorically called that corporation's 'nerve center.'" *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010).

18. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

19. Here, Defendant AGRI-FRESH has always been, and remains currently, a citizen of Canada. With respect to the state of incorporation, Defendant AGRI-FRESH was/is incorporated in Canada in or around 1999. Furthermore, since in or around 2017, its principal place of business has been located in Canada at the corporate headquarters located in Lockport, Manitoba. Accordingly, for purposes of determining diversity, Defendant AGRI-FRESH is regarded as a citizen of Canada.

20. <u>Citizenship of Defendant, MICHAEL TUSTIN (not yet served)</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc*., No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

21. Here, even if Defendant TUSTIN is served, he has always been and remains currently a citizen of Canada.

22. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 through 20. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of

5

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

23. DEFENDANTS are informed and believe, and thereon allege, that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. Accordingly, this action may be removed by DEFENDANTS to federal court pursuant to 28 U.S.C. Section 1441.

24. Therefore, PLAINTIFF and DEFENDANTS are citizens of different States.

25. **AMOUNT IN CONTROVERSY**. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

26. DEFENDANTS' Notice of Removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether Defendants meet their burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

27. Here, the Court can reasonably ascertain from PLAINTIFF'S complaint, his prayer for relief, and his Statement of Damages that the amount in controversy exceeds $75,000.00.

6

PLAINTIFF seeks, among other things, general and special damages, "costs of suit," and "for such other and further relief as the Court deems just and proper." *See* Complaint, at 8, ¶¶ 3-9; *see also* **Ex. D** [Statement of Damages] at 1. Without admitting the validity of PLAINTIFF'S one (1) cause of action (which is expressly denied by DEFENDANTS), the amount in controversy is in excess of $75,000, exclusive of interest and costs. DEFENDANTS meets their burden based on the following.

28. <u>Economic Damages:</u> The complaint alleges PLAINTIFF is seeking "all past and future economic damages, including but not limits [sic] to medical expenses, incidental expenses, loss of income and loss of earning capacity, according to proof;" "All loss of property damage;" "For pre-judgment and post-judgment interest, as allowed by law;" "For costs of suit"; and "For such other and further relief as the Court deems just and proper." *See* Complaint, at 8, ¶¶ 3-9. PLAINTIFF contends in his statement of damages that his past medical expenses <u>to date</u> total $10,000,000.00. **Ex. D** [Statement of Damages] at 1. PLAINTIFF further contends his "future medical expenses" amount $10,000,000.00. *Id.*

29. <u>Pain, Suffering, and Inconvenience:</u> PLAINTIFF also contends pain, suffering, and inconvenience damages in an amount of $10,000,000.000. **Ex. D** [Statement of Damages] at 1.

30. <u>Emotional Distress</u>: PLAINTIFF further contends emotional distress damages, in an amount of $10,000,000.00 **Ex. D** [Statement of Damages] at 1.

31. PLAINTIFF also seeks open-ended relief in the form of "for such other and further relief as the Court deems just and proper." Although uncertain in amount, these additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.00).

32. DEFENDANTS deny that PLAINTIFF'S claims have any merit. DEFENDANTS also deny that PLAINTIFF suffered any damages. However, when the relief sought (i.e., past medical expenses, future medical expenses, emotional distress, pain, suffering, and inconvenience,

7

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

and "other") is taken as a whole, the amount in controversy for PLAINTIFF'S claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

33. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by DEFENDANTS pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

34. **VENUE**. Removal to this Court is proper because this District includes the County where the state action is pending.

35. By filing this Notice of Removal, DEFENDANTS do not intend to waive, and hereby reserve, any objection as personal jurisdiction, and all other defenses.

36. This Notice of Removal is being served on PLAINTIFF'S counsel on this date. DEFENDANTS will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the State of California for the County of Monterey.

37. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, this action is hereby removed from the Superior Court of the State of California for the County of Monterey to the United States District Court for the Northern District of California, San Jose Division.

DATED: April 11, 2022         **POOLE SHAFFERY & KOEGLE, LLP**

By:   /s/ John H. Shaffery
        John H. Shaffery, Esq.
        Attorneys for Defendants, KEEWATIN
        TRUCK SERVICE, AGRI-FRESH INC.,
        and MICHAEL TUSTIN

# PROOF OF SERVICE
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3; C.C.P. §§ 1013a, 2015.5)

**Andres Martin Anguiano-Vargas v. Keewatin Truck Service, et al.**
United States District Court Case No. 5:22-cv-02259

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 25350 Magic Mountain Pkwy, Suite 250, Santa Clarita, CA 91355.

On **April 11, 2022**, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)** on the interested parties in said action as follows:

SEE ATTACHED SERVICE LIST

☐ By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Santa Clarita, California.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☐ I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐ I caused such envelope to delivered via overnight delivery to the party(ies) listed on the attached mailing list.

Executed on **April 11, 2022**, at Santa Clarita, California.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

_____
Nicole Lyons, Declarant

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

# SERVICE LIST

**Andres Martin Anguiano-Vargas v. Keewatin Truck Service, et al.**
United States District Court Case No.  5:22-cv-02259

| | |
|---|---|
| Daniel DeSantis, Esq._ **WILSHIRE LAW FIRM** 3055 Wilshire Blvd., 12th Floor Los Angeles, California 90010 Tel: (213) 381-9988 Fax: (213) 381-9989 For e-service: ddesantis@wilshirelawfirm.com amalia@wilshirelawfirm.com desantisteam@wilshirelawfirm.com | *Attorney for Plaintiff, ANDRES MARTIN ANGUIANO-VARGAS* |

F:\Clients2\204\2101 - VARGAS v. KEEWATIN TRUCK SERVICE\PLEADINGS\Removal Packet\Fd. NOD Removal.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

POOLE · SHAFFERY
25350 Magic Mountain Parkway, Suite 250, Santa Clarita, CA 91355
Telephone: (661) 290-2991   Facsimile: (661) 290-3338