CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tae Kim, Esq. (SBN 209934)<br>Wilshire Law Firm<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (213) 381-9988     FAX NO.: (213) 381-9989<br>ATTORNEY FOR *(Name):* Plaintiff, ANDRES MARTIN ANGUIANO-VARGAS | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 9/1/2021 4:06 PM<br>By: Rowena Esquerra, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey Courthouse

CASE NAME:
ANDRES MARTIN ANGUIANO-VARGAS v. KEEWATIN TRUCK SERVICE, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21CV002800 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ✔ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 1, 2021

Tae Kim, Esq.
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exh. A- 1

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

Exh. A-  2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>KEEWATIN TRUCK SERVICE, a corporation; AGRI-FRESH INC., a corporation;<br>MICHAEL TUSTIN, an individual; DOES 1 through 50, inclusive.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ANDRES MARTIN ANGUIANO-VARGAS, an individual. | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 9/1/2021 4:06 PM<br>By: Rowena Esquerra, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey Courthouse<br><br>1200 Aguajito Road<br>Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso):*<br>**21CV002800** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tae Kim, Esq; Wilshire Law Firm; 3055 Wilshire Blvd, 12th Fl, Los Angeles, CA 90010; 213-381-9988

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 9/1/2021 | Clerk, by<br>*(Secretario)* /s/ Rowena Esquerra | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exh. A- 3

Tae Kim, Esq. SBN: 209934
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
Email: Lit@Wilshirelawfirm.com

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/1/2021 4:06 PM
By: Rowena Esquerra, Deputy

Attorney for Plaintiff, ANDRES MARTIN ANGUIANO-VARGAS

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF MONTEREY

| | |
|---|---|
| ANDRES MARTIN ANGUIANO-VARGAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEEWATIN TRUCK SERVICE, a corporation; AGRI-FRESH INC., a corporation; MICHAEL TUSTIN, an individual; DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO.: 21CV002800<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff ANDRES MARTIN ANGUIANO-VARGAS, who respectfully alleges the following:

## **GENERAL ASSERTIONS**

1.      This is an action for personal injury arising out of the actions of the Defendants, which occurred on or about September 19, 2019, and which proximately caused serious injury to Plaintiff ANDRES MARTIN ANGUIANO-VARGAS. The negligent acts and omissions of the Defendants as herein alleged took place in or about the City of Salinas, in the County of Monterey, State of California. Accordingly, venue within this judicial district is proper.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1

COMPLAINT FOR DAMAGES

2.     At all times relevant herein, Plaintiff ANDRES MARTIN ANGUIANO-VARGAS was a resident of the City of Salinas, County of Monterey, State of California.

3.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant MICHAEL TUSTIN was an individual over the age of 18 and a resident of the City of Calgary, County of Alberta,  State of Canada.

4.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant KEEWATIN TRUCK SERVICE was a Company authorized to do business in, and doing business in, the City of Winnipeg, County of Manitoba, State of Canada.

5.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant AGRI-FRESH INC. was a Company authorized to do business in, and doing business in, the City of Lockport, County of Manitoba, State of Canada.

6.     The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

7.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

2

COMPLAINT FOR DAMAGES

1    and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

2    and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

3        8.    Plaintiff is informed and believes, and based upon such information and belief

4    alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every

5    representative, employee or agent of each and every corporate or business defendant, were

6    authorized, ordered, and directed by the respective defendant's corporate or business

7    employers, officers, directors and/or managing agents; that in addition thereto, said corporate

8    or business employers, officers, directors and/or managing agents had advance knowledge of,

9    authorized, and participated in the herein described acts, conduct and nonfeasance of their

10   representatives, employees, agents and each of them; and that in addition thereto, upon the

11   completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the

12   aforesaid corporate and business employers, officers, directors and/or managing agents

13   respectively ratified, accepted the benefits of, condoned and approved of each and all of said

14   acts, conduct or nonfeasance of their co-employees, employers, and agents.  In addition, at all

15   times herein relevant, each defendant, whether named herein or designated as a DOE, was a

16   principal, master, employer and joint venturer or every other defendant, and every defendant

17   was acting within the scope of said agency authority, employment and joint venture.

18       9.    On or about September 19, 2019, Plaintiff ANDRES MARTIN ANGUIANO-

19   VARGAS was traveling Northbound along Vertin Avenue, approaching the intersection of

20   Terven Avenue.

21       10.   At the same time, Defendant MICHAEL TUSTIN was traveling Northbound

22   along Vertin Avenue also approaching the intersection of Terven Avenue.  Defendant was

23   attempting to make a left turn from Vertin Avenue onto Terven Avenue and proceeded to make

24   a wide left turn.

25       11.   As a result of the Defendants' failure to yield the right of way to all vehicles

26   which were close enough to constitute a hazard at any time during the turning movement,

27   Plaintiff and Defendants' vehicles collided, resulting in significant injury to the Plaintiff.

28   ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

Exh. A- 6

# FIRST CAUSE OF ACTION

## Negligence

### *[Against All Defendants]*

12.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above.

13.     Plaintiff is informed and believes, and based upon such information and belief alleges that on the above date and time, Defendants MICHAEL TUSTIN and DOES 1 to 50, inclusive and each of them, failed to operate their vehicle in a safe or reasonable manner by failing to yield the right of way to all vehicles and initiating a left turn from Vertin Avenue onto Terven Avenue at a stop sign when other vehicles were approaching at such a distance as to constitute an immediate hazard.

14.     Moreover, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants MICHAEL TUSTIN and DOES 1 to 50, inclusive and each of them, negligently failed to approach the intersection with due care, failed to perceive and/or take into consideration the other vehicles on the roadway, and were inattentive at the time of the collision. As a result of Defendant's failure to exercise reasonable care, the vehicle driven by Defendant collided with Plaintiff's vehicle causing injuries to Plaintiff and Plaintiff's property.

15.     Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant MICHAEL TUSTIN failed to properly check for, and yield, the right-of-way to all vehicles nearby prior to initiating the left turn. Further, Defendant knew, or in the exercise of reasonable care should have known that failing to check for any and all vehicles nearby prior to initiating a left turn created an unreasonable risk of injury to the Plaintiff and others similarly situated.

16.     Moreover, Defendant knew, or in the exercise of reasonable care should have known, that there was a vehicle next to him at the time that Defendant began to make the left turn from Vertin Avenue onto Terven Avenue. In proceeding despite this actual or constructive

1  knowledge of the existence of vehicles constituting an immediate hazard, Defendant created an

2  unreasonable risk of injury to Plaintiff and others similarly situated.

3        17.    Further, Plaintiff is informed and believes, and based upon such information and

4  belief alleges that Defendant MICHAEL TUSTIN was operating the subject vehicle with the

5  express or implied authority and permission of Defendant KEEWATIN TRUCK SERVICE,  as

6  an agent or employee of Defendant KEEWATIN TRUCK SERVICE, and within the course

7  and scope of his agency or employment with Defendant KEEWATIN TRUCK SERVICE.

8  Further, Defendant KEEWATIN TRUCK SERVICE knew or should have known that

9  Defendant MICHAEL TUSTIN was unfit to operate the subject vehicle and was therefore

10  negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant

11  MICHAEL TUSTIN.

12        18.    Further, Plaintiff is informed and believes, and based upon such information and

13  belief alleges that Defendant MICHAEL TUSTIN was operating the subject vehicle with the

14  express or implied authority and permission of Defendant AGRI-FRESH INC.,  as an agent or

15  employee of Defendant AGRI-FRESH INC., and within the course and scope of his agency or

16  employment with Defendant AGRI-FRESH INC.. Further, Defendant AGRI-FRESH INC.

17  knew or should have known that Defendant MICHAEL TUSTIN was unfit to operate the

18  subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the

19  subject vehicle to Defendant MICHAEL TUSTIN.

20        19.    California Vehicle Code § 21802 is a statute enacted to protect, among others,

21  motorists on California highways from collisions between vehicles and damage resulting

22  therefrom.  California Vehicle Code § 21802(a) states in pertinent part: "The driver of any

23  vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as

24  required by Section 22450. The driver shall then yield the right-of-way to any vehicles which

25  have approached from another highway, or which are approaching so closely as to constitute an

26  immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she

27  can proceed with reasonable safety."

28  ///

WILSHIRE LAW FIRM, PLC
3055 S Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Exh. A- 8

20.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants MICHAEL TUSTIN and DOES 1 through 50, inclusive and each of them, violated California Vehicle Code § 21802(a) by failing to yield the right of way to all vehicles upon the roadway which were close enough to constitute a hazard at any time during the turning movement.  Instead, Defendant proceeded to initiate a left hand turn.

21.    Plaintiff is informed and believes, and based upon such information and belief alleges that at all times herein mentioned the Plaintiff was a member of the class of persons designed to be protected by the aforementioned vehicle code section, that the subject collision was within the class of risks for which the aforementioned vehicle code section was enacted to protect against, that Defendant MICHAEL TUSTIN's violation of said vehicle code section was inexcusable, and that the violation of said vehicle code was a direct, legal, and proximate cause of the injuries and damages complained of herein.

22.    Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant MICHAEL TUSTIN was operating the subject vehicle with the express or implied authority and permission of Defendant KEEWATIN TRUCK SERVICE,  as an agent or employee of Defendant KEEWATIN TRUCK SERVICE, and within the course and scope of his agency or employment with Defendant KEEWATIN TRUCK SERVICE. Further, Defendant KEEWATIN TRUCK SERVICE knew or should have known that Defendant MICHAEL TUSTIN was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant MICHAEL TUSTIN.

23.    Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant MICHAEL TUSTIN was operating the subject vehicle with the express or implied authority and permission of Defendant AGRI-FRESH INC.,  as an agent or employee of Defendant AGRI-FRESH INC., and within the course and scope of his agency or employment with Defendant AGRI-FRESH INC.. Further, Defendant AGRI-FRESH INC. knew or should have known that Defendant MICHAEL TUSTIN was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Phone
Los Angeles, CA 90010-1137

Exh. A- 9

1    subject vehicle to Defendant MICHAEL TUSTIN.

2         24.    As a direct, legal, and proximate result of the negligent acts and/or omissions of

3    Defendants MICHAEL TUSTIN, KEEWATIN TRUCK SERVICE, AGRI-FRESH INC., and

4    DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and

5    attendant damages.

6         25.  As a further direct, legal and proximate result of the combined and concurrent

7    wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages

8    within the jurisdiction of the Superior Court of California, including, but not limited to severe

9    and permanent injury to the body and nervous system of Plaintiff.

10        26.    In addition, as a direct, legal, and proximate result of the combined and

11   concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss

12   and damages within the jurisdiction of the Superior Court of California.

13              a.    All past and future medical and incidental expenses;

14              b.    All past and future loss of earnings and earning capacity;

15              c.    All past and future non-economic damages;

16              d.    Loss or damage to tangible personal property; and

17              e.    Pre-trial and post-trial interest.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES

Exh. A- 10

WHEREFORE, Plaintiff ANDRES MARTIN ANGUIANO-VARGAS hereby prays for judgment against all Defendants and each of them as follows:

1.    For all past and future economic damages, including but not limits to medical expenses, incidental expenses, loss of income and loss of earning capacity, according to proof;

2.    For all past and future non-economic damages, according to proof;

3.    All loss of property damage;

4.    For pre-judgment and post-judgment interest, as allowed by law;

5.    For costs of suit; and

6.    For such other and further relief as the Court deems just and proper.

DATED: September 1, 2021                    **WILSHIRE LAW FIRM**

By: _____
        Tae Kim, Esq.
        Attorney for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8
COMPLAINT FOR DAMAGES

Exh. A- 11

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff demands a trial by jury in this action.

3

4    DATED: September 1, 2021                **WILSHIRE LAW FIRM**

5

6                                        By: _____

7                                            Tae Kim, Esq.

8                                            Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Exh. A- 12